## JOVÉ v. THE PALATINE INSURANCE COMPANY OF LONDON.

### APPEAL from the District Court of San Juan.

No. 85.—Decided December 24, 1903.

FIRE INSURANCE POLICY.—The stipulations in a fire insurance policy are compacts which determine the rights and obligations of the respective contracting parties and, therefore, constitute the law that should be observed and complied with in questions arising between the underwriter and the insured.

EVIDENCE.—The testimony of witnesses given under oath, after citation of the adverse party, who failed to disprove said testimony at the trial, cannot be considered as null and void.

## STATEMENT OF THE CASE.

This is a declaratory action prosecuted in the District Court of San Juan by Luis Jové y Torres, as plaintiff, represented in this Supreme Court by Antonio Alvarez Nava, against Messrs. Gandía & Stubbe, General Agents of The Palatine Insurance Company of London, as defendants, represented by their counsel, Juan Guzmán Benítez, for a recovery on a fire insurance policy, which case is pending before us on appeal in cassation, now appeal, taken by aforesaid company, from the judgment rendered by said court, which copied reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, November seventh, one thousand nine hundred and two. The hearing has been had in this declaratory action prosecuted by Luis Jové y Torres, of legal age, single, a merchant and resident of Arecibo, represented, first by his counsel, Elpidio de los Santos y Laguardia, and afterwards by Antonio Alvarez Nava, as plaintiff, against Messrs Gandía & Stubbe, merchants and residents of this city, as general agents of The Pal-

como Agentes Generales de la Compañía de Seguros contra Incendios, "The Palatine", de Londres, dirigidos y representados por el Letrado Don Juan de Guzmán Benítez, como demandados, sobre cobro de una póliza.

*Resultando*: que acompañando certificación de no haberse celebrado el juicio conciliatorio por incomparendo de la Sociedad demandada, presentó Don Luis Jové y Torres demanda contra los Señores Gandía y Stubbe, Agentes de la Compañía de Seguros contra Incendios, "The Palatine", de Londres, pidiendo se declare que el siniestro ocurrido en la noche del veinte de Octubre de mil novecientos tuvo su origen en un caso fortuito, y los daños causados en las existencias del Establecimiento fueron consecuencia necesaria é inmediata de las disposiciones adoptadas por la autoridad y Jefe de Bomberos para cortar y extinguir no sólo el deificio ocupado en parte por el local incendiado, sino la mayor parte de los que le rodeaban; que es válido y eficaz el contrato de seguro, y los Señores Gandía y Stubbe, aseguradores y agentes de la Compañía, están obligados á pagar los quinientos dollars, aseguro de las existencias del Establecimiento, con los intereses legales y las costas, sentando como hechos: que Jové, dueño de un establecimiento de provisiones de Arecibo, aseguró las existencias en veinte y cuatro de Septiembre de mil novecientos, por un año, en la referida compañía, por dicha suma, celebrándose y perfeccionándose el contrato en el referido día, pagando el premio anual adelantado de diez dollars, más cinco centavos por el impuesto; que fueron objeto del seguro las provisiones en general y las existencias, incluso ron y petroleo que tenía en pequeña cantidad; que la noche del veinte de Octubre se inició un incendio en la tienda por caída casual de un quinqué; que la policía dió los toques de alarma y con los bomberos procuraban localizar el incendio, y que á ese efecto tiraban los objetos fuera de los aparadores, ordenando la autoridad y el Jefe de Bomberos bombear el interior del local, resultando con esto la pérdida de las existencias en cantidad superior á la asegurada; que Jové no podía ni debía oponerse á esas medidas, é instruídas diligencias sumarias se sobreseyeron por ser casual el incendio; siendo el derecho los Artículos 368, 380, 393 y 404 del Código de Comercio.

*Resultando*: que después de presentado el anterior escrito se acompañó la certificación del auto dictado por el Juez Municipal de Arecibo declarando no haber lugar á iniciar sumario por el incendio de referencia, y la traducción de la póliza con su original; y

atine Fire Insurance Company, of London, defendants, represented by Juan de Guzmán Benítez, for the collection of a policy.


"Luis Jové Torres filed, together with a certificate to the effect that proceedings to avoid litigation had not been had owing to the non-appearance of the defendants, a complaint against the firm of Gandia & Stubbe, agents of The Palatine Fire Insurance Company of London, praying that judgment be rendered declaring that the fire occurring on the night of the 20th of October, 1900, was accidental, and the damages caused to the stock in the establishment were the necessary and immediate consequence of the measures adopted by the authorities and chief of the fire brigade, for the purpose, not only of extinguishing the fire in the building occupied in part by the burning store, but to cut it off from the greater part of the surrounding houses; that the contract of insurance is valid, and Gandía & Stubbe, agents of the company, who wrote the insurance, are bound to pay the five hundred dollars for which the stock in the store was insured, with interest and costs, setting up as facts that Jové, the owner of a grocery store in Arecibo, insured the stock thereof, on the 24th of September, 1900, for one year, in aforesaid company, for the above-mentioned sum, which contract was made and perfected on the same day, he paying in advance the annual premium of ten dollars and five cents internal revenue; that said insurance covered all the stock of provisions, including rum and petroleum of which he carried a small quantity; that on the night of October 20, a fire broke out in the store, due to the accidental fall of a lamp; that the police gave the alarm, and the firemen sought to localize the fire, for which purpose they threw out the articles from the shelves, while the authorities and chief fireman ordered the interior of the store to be flooded which resulted in a loss of stock greater than the amount insured; that Jové could do nothing to prevent these measures, and an investigation having been instituted, the fire was declared to have been accidental. Plaintiff cited articles 368, 380, 393 and 404 of the Code of Commerce.

"The complaint was accompanied by a certificate of the order of the municipal judge of Arecibo, quashing the proceedings that had been instituted with reference to the cause of the fire, and the original policy with a translation thereof. The complaint being admitted, the

admitida la demanda, contestaron los demandados se declare sin lugar con las costas, sentando como hechos: que lo ocurrido el veinte de Octubre fué un simple conato de incendio, fácilmente dominado, sin resentirse el establecimiento, del que se extrajo el mostrador y alguno que otro cajón vació, haciéndose el bombeo sobre el piso, por si se hubiera incendiado alguna basura debajo de la casa, no dañándose efecto de importancia; que no había mercaderías por valor de quinientos dollars, comprobando los demandados que se reclamaban cantidades que no había perdido por haberse constituido en Arecibo y manifestádole Jové que gran parte de las existencias habían sido robadas; negando los hechos de la contraria inconformes con los que sienta, y afirma que Jové no llevaba libros; siendo el derecho los Artículos 385, 390, 393 y 396 y 404 al 406 del Código de Comercio, y la condición 12 de la póliza, solicitando por otrosí que se traduzcan las condiciones de la póliza omitidas en la que se ordenó, constando de la 12, "que ocurrido el incendio debe dar aviso á la Compañía ó al Agente", y en la 14 una relación detallada de la pérdida, verificándolo por la presentación de sus libros de cuentas, declaraciones juradas, documentos testimoniales que puedan contribuir á probar dicha relación y valor.

*Resultando*: que abierto á prueba, de la del actor consta: 1°.— La confesión por el Agente de la Compañía demandada, Mr. F. D. Stubbe, declarando que al asegurar el establecimiento del actor tenía como quinientos dollars, pero más de lo asegurado no lo podía decir, y lo sabe por referencia del Agente Don Arturo Diaz; que sin esa circunstancia no lo hubiera asegurado, recibiendo aviso de su representante Diaz tan pronto ocurrió el incendio, quedando encargado ese Agente en Arecibo con entrega de la llave del establecimiento; que no recibió del actor las facturas que dice acreditaban el exceso de existencias al ocurrir el siniestro, y si otro documento luego con otras firmas; que á no tener el demandante existencias supériores á la cantidad asegurada, no se hubiera realizado el seguro con el comerciante al detall, Don Luis Jové, recibiendo de éste por conducto del Agente las facturas adquiridas de algunos de los comerciantes que firmaron la constancia, que era igual al documento Letra C que firman siete comerciantes que aseguraban que el establecimiento de Jové á simple vista calculan tenía quinientos dollars el día del incendio y los anteriores, no pagándose el seguro por haberse hecho reclamación superior á las existencias; 2°.—Reconocimiento de las firmas de los siete antes mencionados comerciantes, que resultaron serlo cinco y

defendants, in their answer, prayed that the same be dismissed with costs, alleging the following facts: That the occurrence of October 20 had been simply an attempt of an incendiary character, and was easily controlled, with no damage to the store, from which the counter and a few empty drawers were removed, by flooding the floor and preventing such rubbish as might be under the house from taking fire, no article of importance having been injured; that there was not five hundred dollars worth of merchandise on the premises, defendants being required to make good losses that had not been sustained; for having gone to Arecibo, they had been informed by Jové that a large part of the stock had been stolen. .They denied the facts set forth in the complaint which disagreed with their statement, and declared that Jové did not keep any books; the law cited being articles 385, 390, 393, 396 and 404 to 406 of the Code of Commerce, and clause 12 of the policy. They further prayed that the clauses of the policy which had been omitted in the one presented, be translated, clause 12 whereof reads: 'As soon as a fire occurs notice thereof must be given to the company or its agent,' while clause 14 requires a detailed list of the losses, verified by the books, affidavits and documentary evidence tending to corroborate said list and values.

"Upon the introduction of evidence, that of the plaintiff consisted of: 1. Confession in court of the agent of the company, F. D. Stubbe, to the effect that when the store of the plaintiff was insured it contained goods amounting to five hundred dollars, though he could not state whether or not there were more goods than those insured, his information having been received through the local agent, Arturo Díaz; that but for this information he would not have issued the policy; that as soon as the fire occurred he was notified by his representative, Díaz, who was instructed to take charge of the key of the store; that he had not received from the plaintiff the invoices which he claims showed the excess of stock at the time of the fire, but afterwards another document with other signatures; that if the plaintiff had not had a larger stock than that insured he would not have written the insurance; that he had received from Jové through his agent, the invoices obtained from some of the merchants who had signed the document which was like the one marked 'C,' signed by seven merchants who testified therein that from a mere glance at the stock in Jové's store on the day of the fire and those immediately preceding it, they calculated that it contained five hundredd dollars worth of goods; and the payment of the insurance was withheld because a sum in excess

dos industriales, expresando que la firma puesta en dicho documento la reconocían, y ser cierto el hecho á que se refiere el documento antes expresado; 3°—El acta notarial de veinte y uno de Noviembre del mil novecientos, en la que siete personas hacen constar que en ciencia propia saben que la noche del conato de incendio en el establecimiento del actor pudieron observar que fué necesario tirar fuera de los aparadores infinidad de objetos, como maderas, cajas, barriles y otros depósitos que contenían materias inflamables; que la autoridad y Cuerpo de Bomberos dispusieron bombear el local, y pudieron calcular los desperfectos y perdidas en quinientos y, pico de pesos. Y en la de veinte y siete de Febrero de mil novecientos uno, quince declaran constarle que la noche del incendio funcionó la bomba de extinción de incendios pocos momentos después de empezado, hasta las diez, que el chorro era de tal fuerza que tenía que destruir la mayor parte de los efectos; que parte del mostrador fué consumido y debajo de él había tres latas de gas; que las existencias pasaban de quinientos dollars; que las llamas salían por las puertas; 4°.—Requerimiento á Gandía y Stubbe para presentar las facturas y no sólo las exhibió, que la nota que obra en el documento que también solicita del que retira la firma uno de los firmantes según de dicha nota aparece; 5° —Certificación del Secretario del Juzgado Municipal de no haberse denunciado robo alguno de efectos durante el incendio.

*Resultando*: de la prueba del demandado, que produjo la relación de existencias en la tienda, firmada por el actor y el encargado de los Agentes en Arecibo, Don Arturo Díaz, comprensiva de las del día veinte de Octubre de mil novecientos, ascendentes á quinientos sesenta y siete dollars; un recibo de Lucas Birriel, de veinte y cinco de Agosto de mil novecientos por cuatrocientos dollars, valor de las existencias de su Establecimiento que tenía y vendió al demandante ante dos testigos y bajo inventario, de conformidad del comprador del Establecimiento; varios borderós y recibos de Septiembre de mil novecientos y del nueve de Octubre hasta el diez y ocho, ascendentes todos á ciento veinte y tres dollars cuarenta y cinco centavos, y aquellos los de Octubre, á trescientos cuarenta y un dollars diez y seis centavos, entre ellos el borderó por ciento catorce dollars diez y nueve centavos, de diez y ocho de Octubre, á favor de L. G. de Blasco; la carta del Capitán de la Policía Insular dirigida á Don F. D. Stubbe, manifestando que examinó á la pareja de Policía que se constituyó en la tienda á prestar auxilio y deduce que Jové sufrió

of the stock has been demanded.   2.   Identification of the signatures of the aforesaid seven merchants, five of whom were such, the other two being industrial agents, who acknowledged their signatures affixed to said document, and declared that the statements therein were true.   3.   The notarial act of November 21, 1900, wherein seven persons testified that they knew of their own knowledge that on the night of the fire in plaintiff's store a great number of articles, such as lumber, cases, barrels and packages containing inflamable materials, had to be thrown out of doors; that the local authorities and firemen ordered the place to be flooded and they calculated that the loss sustained amounted to five hundred and some odd dollars. And in that of February 27, 1901, fifteen witnesses testified that on the night of the fire the engine began to work shortly after it broke out, and continued until ten o'clock; that the stream of water was so powerful it could not but destroy most of the articles; that part of the counter was consumed and under it there were three cans of kerosene oil; that the stock amounted to more than five hundred dollars; that the flames burst through the doors. 4.   Requisition to Gandía & Stubbe to present the invoices, which they did, as also the memorandum on the document from which one of the signers withdraws his signature, as appears from said memorandum.   5.   Certificate of the clerk of the municipal court to the effect that no theft of goods during the fire had been reported.

"The defendant introduced as evidence the inventory of stock in the store, signed by the plaintiff and the representative of the agents in Arecibo, Arturo Díaz, comprising the goods on hand on October 20, 1900, amounting to five hundred and sixty-seven dollars; a receipt from Lucas Birriel, dated August 25, 1900, for four hundred dollars, being the value of a stock of goods in a store he had, which he sold to the plaintiff in the presence of two witnesses and under inventory approved by the purchaser; several bills and receipts of September, 1900, and from October 9 to 18, the former aggregating one hundred and twenty-three dollars and forty-five cents, and the latter for October, three hundred and forty-one dollars and sixteen cents, among them the bill for one hundred and fourteen dollars and nine cents, of October 18, in favor of L. G. de Blanco; the letter from the captain of the Insular Police, addressed to F. D. Stubbe, informing him that he had examined the two policemen who had repaired to the store to lend their assistance, and from their statement he deduced that Jové had suffered some losses by the fire, but could not determine whether said

algunas pérdidas por el incendio, siéndole imposible precisar correspondan con su nota, pues desconocían la cantidad de existencias, y tocante al robo, que constituida la pareja á las puertas del local pudo lograr que nada se robase mientras permaneció; certificación del Jefe de Policía Municipal, expresiva de no haber llegado á su conocimiento, se hubieran substraido efectos de la tienda, asegurándoselo los guardias, no habiéndose sacado más que el mostrador encendido y algún otro objeto; el Depositario de Arecibo, por orden del Alcalde, certifica que de los antecedentes de su Oficina resulta que ni los Sres. Jové Hermanos, José Jové ni Lucas Birriel, han satisfecho contribución alguna por comercio por no figurar en el reparto, y según noticias Birriel era dependiente de Don Manuel Olmo, que pagó por el trimestre cuatro dollars veinte centavos, y este fué el establecimiento vendido á Don Luis Jové, según certificación de traspaso que acompaña en que se inserta el escrito que firmaron á veinte y uno de Septiembre de mil novecientos, presentado el veinte y cuatro de dicho mes y año; que requeridos Don Luis Jové, Don Armando Cadiela, A. Padilla, G. Márquez, González y Guisacola y L. González de Blasco, para la exhibición de sus libros de comercio, manifestaron no llevarlo Don Luis Jové y L. González de Blasco, exhibiéndolos los otros, y no aparece tuvieran cuenta corriente con ellos ni Jové Hermanos, ni Don Luis ni Don José Jové, quienes según manifestación de los requeridos hacían sus pequeñas compras al contado.

*Resultando*: de la prueba del demandado la confesión del actor de no llevar libros de comercio, por ser las ventas de contado, llevando sólo una libreta; que surtió la tienda al abrirla y luego á medida que vendía; que en una esquina del mostrador tenía dos latas de gas para el despacho; reconoció los documentos sobre existencias entregadas á la Compañía y la nota, y cree que la firma de Vidal sea la misma; que todos los que firman el documento sabían que la Compañía de Seguros se negaba al pago de la póliza; que parte de los efectos se inutilizaron por el incendio y parte por el agua; que el dinero lo cogió del suelo con el cajón del mostrador un policía, y lo entregó junto con la llave del establecimiento al Agente de Seguros, entregándole el poco dinero recogido, que no llegaria á diez reales; y de la prueba testificial del demandado, que el incendió empezó por un quinqué que cayó, tratando de sofocarlo, pero continuó extendiéndose por unas latas de gas y damesanas de alcohol, tomando mayores proporciones á pesar de los esfuerzos, que había bastantes

losses agreed with the latter's memorandum, for they did not know the amount of stock he had on hand, and as to theft, the policemen having stationed themselves at the doors of the establishment they succeeded in preventing any while they remained there; a certificate of the chief of the municipal police stating that no theft of goods from the store had been reported to him, only the burnt counter and some other articles having been taken out; the depositary of Arecibo, by order of the Alcalde, certifies that from the record in his office it appears that neither Jové Hermanos, nor José Jové, nor Lucas Birriel, have paid any tax, as merchants, not being included in the assessment, and according to report Birriel was a clerk in the employ of Manuel Olmo who paid for the quarter four dollars and twenty cents, and this was the store that had been sold to Luis Jové according to the accompanying certificate of conveyance, wherein is inserted the writing signed by them on the 21st of September, 1900, and presented on the 24th of the same month and year; that upon summoning Luis Jové, Armando Cadiela, A. Padilla, G. Marquez, González y Guisacola and L. González de Blanco to exhibit their books, Luis Jové and L. Gonzáles de Blanco declared that they did not keep any, the others exhibiting theirs, from which it appears that neither Jové Hermanos, nor Luis and José Jové, had any accounts current with them, the latter, according to the statement of the parties summoned, were accustomed to pay cash for their small purchases. Of defendant's evidence there appears plaintiff's confession to the effect that he kept no set of books because he sold only for cash, his entries being made in a memorandum book; that he had stocked his store when he first opened it, and afterwards bought supplies according to his needs; that at one of the corners of the counter he had two cans of kerosene from which he sold; he identified the documents relating to the stock, delivered to the company, and the memorandum, and thought that the signature of Vidal was the same; that all those who had signed the document knew that the insurance company had refused to pay the policy; that part of the goods were ruined by fire, and part by water; that a policeman had picked up the money from the floor together with the till, and handed them to the insurance agent, the money picked up being less than one dollar and twenty-five cents. The testimony of witnesses for defendant showed that the fire was caused by a fallen lamp; that an attempt to extinguish it was made; but it had spread, owing to some cans of kerosene and demijohns of alcohol, and went on increasing despite the efforts to control it; that there was a consider-

efectos, quemándose parte de ellos; que únicamentese sacó el mostrador, una mesa y un barril, perdiéndose otros por el agua de la bomba de apagar incendios.

*Resultando*: que el Letrado del demandado protestó por la prueba documental presentada por la parte contraria, y las partes renunciaron las demás pruebas, entre ella la pericial propuesta por aquél, informando después los defensores lo que creyeron conveniente á sus respectivas pretensiones

*Resultando*: que señalados los días quince, diez y seis y veinte y nueve de Octubre para la votación de la sentencia no pudo efectuarse, llevándose á efecto en el día de hoy, disintiendo el Sr. Juez Don José R. F. Savage, quien formula á continuación su voto particular. Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martinez.

· *Considerando*: que las condiciones que contiene una póliza de seguros de incendio son otros tantos pactos que determinan los derechos y obligaciones de las respectivas partes contratantes, y por tanto la ley que se ha de guardar y cumplir en las cuestiones que surjan entre asegurador y asegurado; por lo que, convenido el valor de quinientos dollars sobre las existencias, incluyendo ron y petroleo en pequeña cantidad, según la póliza afirma, no fijando el demandado la infracción de dichas condiciones, y sí sólo que en los momentos del incendio no había en la tienda incendiada mercaderías por valor de quinientos dollars y que solamente hubo un conato de incendio; al demandado incumbía demostrar esos extremos para que sus excepciones pudieran prosperar contrarestando la prueba del actor.

*Considerando*: que habiendo cumplido el asegurado con la cláusula doce de la póliza, y apareciendo de la prueba en conjunto apreciada, especialmente de la confesión del demandado, que recibió de su representante ó Agente aviso tan pronto como ocurrió el incendio, quedando dicho Agente encargado de la llave del establecimiento por entrega que se le hizo, recibiendo así mismo las facturas de algunos comerciantes que firman la constancia, la que era igual al documento letra C por el actor producida, que es la que firman siete comerciantes, asegurando que el establecimiento á simple vista tenía quinientos dollars el día del incendio y los anteriores, cuyas firmas han sido reconocidas por los firmantes en estos autos, con conocimiento y citación del demandado, conviniendo con ese valor la relación y documentos por el actor producida y acompañada por el de-

able stock of goods, a part of which was burned; that only the counter, a table and a barrel were taken out, other articles being spoiled by water from the pump.

"Counsel for defendants objected to the documentary evidence introduced by the adverse party, and both parties waived the introduction of other evidence, including the expert testimony offered by the former, and argued in support of their respective claims.

"The 15th, 16th and 29th of October were set for voting upon the judgment, which had to be postponed and was had on this day, Judge José R. F. Savage, dissenting. His dissenting opinion is hereinafter set out. The decision of the court was rendered by Presiding Judge Juan Morera Martinez, as follows:

"Each of the stipulations contained in a fire-insurance policy constitutes a covenant determining the rights and obligations of the contracting parties, and is therefore, the law that should be observed and complied with in all questions arising between the underwriter and the insured; wherefore, five hundred dollars having been agreed upon as the value of the stock, including rum and kerosene, in small quantities, according to the terms of the policy, and the defendant having failed to show any violation of said conditions, but alleging only that when the fire occurred there was not five hundred dollars worth of merchandise in the store, and that said fire had been only an attempt of an incendiary character, it was incumbent upon him to prove these allegations in order to offset the proofs presented by the plaintiff, and thereby sustain his exceptions.

"The plaintiff having complied with clause 12 of the policy, and there appearing from the proofs, taken together, especially defendant's confession, that it had received from its agent notice of the fire as soon as it occurred; that said agent had been left in charge of the establishment, and received invoices or bills from a number of merchants signing the statement, which is similar to Exhibit 'C,' produced by the plaintiff, and signed by seven merchants who declared that the store, at a mere glance, was seen to contain goods amounting to five hundred dollars on the day of the fire and previous thereto, whose signatures have been acknowledged by the signers, in these proceedings, said acknowledgment being witnessed by the defendant, and that the amount given in the inventory and documents produced by the plaintiff agree with those submitted by the defendant

mandado con su prueba número 1, letra C, documentos privados; hay que sentar la existencia de ese valor no justificando el demandado era menor, ni que hay el fraude ó la falsa declaración que refiere la referida cláusula 12.

*Considerando*: que no fué un conato de incendio el que hubo, dado el auto de veinte y dos de Octubre de mil novecientos, por declarar no haber lugar á iniciar sumario por el incendio ocurrido en el establecimiento de Jové, calle de Carlos III de Arecibo, en la noche de referencia, por ser el hecho casual; viniendo dicho auto á robustecer el montante de la reclamación que el actor ha formulado, al decirse en el primer Resultando que estimó el perjudicado en quinientos dollars el daño causado por el siniestro.

*Considerando*: que renunciada en el acta del trece de Junio por demandante y demandado la prueba pendiente de practicar, y entre ella la pericial por el demandado propuesta; dado lo que prefija y exige la cláusula 12 de la póliza, no siendo preciso por ella cumplir con el Artículo 2142 de la Ley de Enjuiciamiento Civil, en vista de su contenido, manera y forma de acreditar el daño causado, según dicha cláusula, ó sea por las declaraciones de personas residentes en el lugar del siniestro, ó que lo hayan visitado con frecuencia, y la inspección de los restos del incendio, no es de aplicar al caso el Artículo 406 del Código de Comercio.

*Considerando*: que debiéndose declarar la demanda con lugar, las costas deben imponerse al demando.

*Fallamos*: que debemos declarar y declaramos con lugar la demanda, y en su virtud condenamos á la Sociedad de Seguros "La Palatina", de Londres, representada por sus Agentes Gandía y Stubbe, á pagar al demandante quinientos dollars, con las costas á los demandados. *Así*, por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan Morera Martinez, Juan R. Ramos, José R. F. Savage.

*Resultando*: que notificada esa sentencia á la parte demandada, interpuso contra ella recurso de apelación por infracción de ley, que fué admitido, ordenándose se remitieran las autos á esta Corte Suprema, previa citación y emplazamiento de las partes por el término legal; y personadas éstas, se dió á dicho recurso la tramitación correspondiente al de apelación, á virtud de lo dispuesto por la Ley de 12 de Marzo

in Exhibit No. 1, letter 'C,' private document, filed by him, said amount must be admitted, defendant having failed to show that it was less, or that the fraudulent declaration to which aforesaid clause 12 refers has been made.

"There was no attempt of an incendiary character, as is shown by the order of October 22, 1900, dismissing the investigation proceedings with reference to the fire occurring in Jové's store on Carlos III street, Arecibo, and declaring that said fire had been accidental, which decision strengthens the claim of the plaintiff, inasmuch as the loss suffered by him through the fire is in the first finding thereof estimated to be five hundred dollars.

"Both parties, by the act of June 13, having waived the further introduction of evidence offered, including the expert testimony proposed by the defendant, in view of the terms of clause 12 of the policy it is not necessary to comply with the provisions of article 2142 of the Law of Civil Procedure with respect to the manner of verifying the loss, according to said clause, that is to say, by the testimony of persons residing in the place where the fire occurred or who have frequently been there, and by inspecting the debris of the fire, the case not calling for the application of article 406 of the Code of Commerce.

"It being proper to sustain the complaint, costs should be imposed upon the defendant.

"We adjudge that we should sustain and do sustain the complaint and accordingly adjudge The Palatine Insurance Company of London, represented by their agents, Gandía & Stubbe, to pay the plaintiff five hundred dollars, with costs against defendants. Thus by this our decision finally adjudging, do we find, order and sign.—Juan Morera Martínez, Juan R. Ramos, José R. F. Savage."

Notice of the foregoing decision having been served upon the party defendant, the said party took an appeal for error of law, which appeal was allowed, the record being ordered to be forwarded to this Supreme Court, after citation of the parties within the legal period. Said parties having appeared the appeal in cassation was dealt with as an ordinary appeal, in conformity with the act of March 12 last,

último ,convirtiendo este Tribunal Supremo en Corte de Apelación, habiéndose señalado día para la vista, en la que los Abogados de las partes recurrente y recurrida alegaron cuanto estimaron conducente en apoyo de sus respectivas pretensiones.

Abogado del apelante: *Sr. Guzmán Benítez* (Juan).

Abogado del apelado: *Sr. Alvárez Nava.*

El Juez Asociado Sr. Hernandez, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada, con las siguientes modificaciones: 1°.—Que en el primer resultando, donde se dice "los daños causados en las existencias del establecimiento fueron consecuencia necesaria é inmediata de las disposiciones adoptadas por la Autoridad y Jefe de Bomberos para cortar y extinguir no sólo el edificio ocupado en parte por el local incendiado, sino la mayor parte de los que lo rodeaban", debe decirse, "los daños causados en las existencias del establecimiento fueron consecuencia necesaria é inmediata de las disposiciones adoptadas por la Autoridad y Jefe de Bomberos para cortar y extinguir el incendio que amenazaba destruir. no sólo el edificio ocupado en parte por el local incendiado, sino también la mayor parte de los que lo rodeaban". 2ª.—Que en el Resultando 3°, donde dice: "reconocimiento de las firmas de los siete antes mencionados comerciantes que resultaron serlo cinco, y dos industriales, expresando que la firma puesta en dicho documento la reconocían, y ser cierto el hecho que refiere el documento antes expresado", debe decirse, "reconocimiento de las firmas de los siete antes mencionados comerciantes, que resultaron serlo, cinco y dos industriales, expresando todos ellos que reconocían las firmas puestas en dicho documento, y seis que era cierto el hecho consignado en el mismo. habiendo rectificado uno ó sea Don Adrián Padilla que había visto el establecimiento de Don Luis Jové 15 ó 20 días antes del incendio ocurrido en el mismo, donde observó y calculó

changing the Supreme Court into a court of appeals. A day was set for the hearing at which counsel for the appellant and respondent sustained their respective claims.

Mr. *Guzmán Benítez (Juan)*, for appellant.
Mr. *Alvarez Nava*, for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact contained in the judgment appealed from are accepted with the following modifications: First, in the first finding where it says "the damages caused to the stock in the establishment were necessary and immediate consequence of the measures adopted by the authorities and chief of the fire-brigade, for the purpose, not only of putting out the fire of the building occupied in part by the burning store, but to cut it off from the greater part of the surrounding houses," should read, "the damages caused to the stock in the establishment were the necessary and immediate consequence of the measures adopted by the authorities and chief of the fire-brigade, for the purpose not only of cutting off and putting out the fire which threatened to destroy, not only the building occupied in part by the burning store, but also the greater part of the surrounding houses." Second, in the second finding, where it says, "identification of the signatures of the aforesaid seven merchants, five of whom were such, the other two being industrial agents, who acknowledged their signatures affixed to said document, and declared that the statements made therein were true," should read, "identification of the signatures of the aforesaid seven merchants, of whom five were such, the other two being industrial agents, all declaring that they acknowledged the signatures affixed to said document, and six that the fact stated therein was true, while one, namely, Adrián Padilla, had corrected his statement, saying that he had seen the establishment of

las existencias del modo expresado en el documento de que se trata. 3ª.—Que en el mismo Resultando 3ª, donde se consigna que el acta notarial de veinte y uno de Noviembre de mil novecientos fué otorgada por siete personas, debe entenderse que fueron seis las partes otorgantes. 4ª.—Que en el propio Resultando 3ª donde se dice "requerimiento á Gandía y Stubbe para presentar las facturas, y no sólo las exhibió, que la nota que obra en el documento que también solicita, del que retira la firma uno de las firmantes según de dicha nota aparece", debe decirse: "requerimiento á Gandía y Stubbe para que exhibieran las facturas y constancia ó documento suscrito por varios comerciantes para acreditar que en el establecimiento había existencias por cantidad mayor al valor de lo asegurado, y como contestaran que las facturas se encontraban agregadas al escrito de pruebas presentado por el Abogado de la parte actora, Don Juan de Guzmán Benítez, y que en poder de éste se encontraba el documento aludido, fué requerido dicho Letrado, quien lo presentó y aparece suscrito en 21 de Octubre de 1900 por 13 que se dicen comerciantes y que afirman haber visto en los últimos días el establecimiento de Don Luis Jové y á simple vista calculan que las existencias que en él habían podían valer muy bien quinientos dollars, siendo de notar que uno de los firmantes, ó sea Don Juan Vidal, hizo constar por nota de nueve de Abril del año siguiente, que retiraba su firma del expresado documento

*Aceptando* igualmente los Considerandos de la referida sentencia, menos el lo:

*Considerando*: que las condiciones fijadas en una póliza de seguro de incendio son otros tantos pactos que determinan los derechos y obligaciones de las respectivas partes contratantes, y por tanto la ley que se ha de guardar y cumplir en las cuestiones que surjan entre el asegurador y asegurado.

*Considerando*: que las declaraciones de siete testigos que

Luis Jové fifteen or twenty days before the fire had occurred, and he had there observed and calculated the stock in the manner set forth in the document in question." Third, in aforesaid third finding, where it is stated that the notarial act of November 21, 1900, had been executed by seven persons it should be understood that the parties executing said act were six. Fourth, in the same finding (third) where it says, "requisition to Gandía & Stubbe to present invoices, which they did, as also the memorandum of the document from which one of the signers withdraws his signature, as appears from said memorandum," should read, "requisition to Gandía & Stubbe to present the invoices and statement or document subscribed by several merchants to show that there was stock in the establishment amounting to a larger sum than the one insured, and as they replied that the invoices had been joined to the bill of proofs filed by counsel for the plaintiff, Juan de Guzmán Benítez, who was in possession of said document, he was summoned to present it, which he did, and it was found to have been signed on October 21, 1900, by thirteen persons claiming to be merchants who declare that during the last days they had seen the establishment of Luis Jové, and at a cursory glance they calculate that the stock then on hand might well be worth five hundred dollars, while it is to be noted that one of the signers, namely Juan Vidal, by a memorandum of April 9 of the following year, declared that he withdrew his signature from aforesaid document."

The conclusions of law contained in said judgment are likewise accepted, with the exception of the first.

The conditions stipulated in a fire insurance policy are compacts which determine the rights and obligations of the respective contracting parties, and, therefore, constitute the law that should be observed and complied with in questions arising between the underwriter and the insured.

The testimony of seven witnesses who acknowledged un-

reconocieron bajo juramento ante el Juez Municipal de Arecibo el documento privado de veinte de Noviembre de mil novecientos, en el que aseguraban que en la fecha del incendio ocurrido en el establecimiento de Don Luis Jové y en los últimos días anteriores las existencias de dicho establecimiento, calculadas á la simple vista y concienzudamente, ascendían de quinientos á seiscientos dollars, fueron prestadas como medio de prueba aceptado por el Tribunal sentenciador en providencia de veinte y nueve de Marzo de 1901, con citación de la parte contraria, la que pudo solicitar de dicho Tribunal que aquellos testigos comparecieran en el acto del juicio oral para practicar el reconocimiento ordenado y repreguntarles en su caso, y en el supuesto de serles denegada tal pretensión, aparte de protestar oportunamente, pudo formular interrogatorio de repreguntas para que á su tenor declararan los mismos, sin que la Sociedad recurrente verificara una ni otra cosa, por lo que no cabe estimar viciado de nulidad el testimonio de tales testigos, dado bajo juramento y con citación contraria.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada que dictó el Tribunal de Distrito de San Juan en siete de Noviembre del año próximo pasado, con las costas á cargo de la parte apelante, y devuélvanse los autos al referido Tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

der oath, before the municipal judge of Arecibo, the private document of November 20, 1900, wherein they declared that on the day the fire occurred in the establishment of Luis Jové and shortly before that time, the stock in said establishment, conscientiously calculated at sight amounted to from five hundred to six hundred dollars, was given as a means of proof, accepted by the lower court in a ruling of March 29, 1901, with citation of the adverse party, who could have requested the court to require said witnesses to appear at the oral trial for examination and cross-examination, in a proper case, and in the event of such a request being overruled, aside from the protest that in due time might be entered, he could have formulated the questions to be put to said witnesses, and this the party appellant failed to do, for which reason the testimony of these witnesses, given under oath and with citation of the adverse party, cannot be considered as null and void.

We adjudge that we should affirm and do affirm the judgment appealed from, rendered by the District Court of San Juan, November 7, 1902, with costs against appellant. The record is ordered to be returned to aforesaid court with the proper certificate.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.